Affirmed and Memorandum Opinion filed March 10, 2009








Affirmed and Memorandum Opinion filed March 10, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00621-CR

____________

 

JUAN MIRANDA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 7th
District Court

Smith County, Texas

Trial Court Cause No. 007-0856-07

 



 

M E M O R A N D U M   O P I N I O N

Appellant Juan Miranda challenges his conviction for
aggravated assault using a deadly weapon.  The jury sentenced him to five years= imprisonment. 
Appellant contends that the trial court erred in admitting evidence of two
prior convictions during the guilt-innocence phase of trial.  We affirm.

Background








In the early morning hours of November 15, 2006, appellant
and the complainant, Jose Villegas, were involved in an altercation with motor
vehicles.  At the time of the offense, appellant was married to Alicia
Galdendez; while she was married to appellant, Alicia had a relationship with
the complainant.  Alicia had three children; appellant was the father of the
oldest two children, and the complainant fathered the third child.  Alicia
became pregnant with the complainant=s child while she
was still married to appellant.  

Appellant=s and the complainant=s versions of the
altercation differed substantially.  The complainant testified that on November
14, 2006, he and Alicia went to his mother=s house, and
eventually fell asleep.  At approximately 4:00 in the morning, they left her
mother=s house so he
could take Alicia to her sister=s house on his way to work.  As they were
driving toward Alicia=s sister=s house on Old
Henderson Highway, they saw appellant parked in a white pick-up truck at a
service station on Highway 31 and Athe Loop.@  As they passed
the truck, appellant pulled away from the service station and followed the
complainant=s car.  Appellant sped up, passed the complainant=s car, moved in
front of the complainant, and abruptly stopped his truck.  The complainant
avoided a collision by stopping abruptly.  When both vehicles were stopped,
appellant shifted into reverse and backed into the complainant=s car.  The complainant
stepped out of his car, questioned what appellant was doing, and ran away from
the vehicles.  Appellant pursued the complainant in his truck until the
complainant ran toward the cover of some nearby trees.  Appellant left the
scene, but the complainant remained until the police arrived.

Gerald McDowell, a security guard working in the area
testified that he saw a white pick-up truck pass another vehicle, move in front
of the vehicle, and stop abruptly.  The truck backed up, and it appeared the
truck struck an object.  He approached the scene and observed skid marks where
the truck had passed the car and where the truck had stopped.  The driver of
the truck sped away, returned to the scene, and circled the car at a high rate
of speed.  McDowell called the Tyler Police Department who responded to the
scene.








Appellant testified that on the morning of November 15,
2006, he awoke at approximately 2:30 or 3:00 in the morning and discovered that
his wife was not at home.  He asked a neighbor to watch his sleeping children
while he left to look for her.  As he drove toward Tyler on Highway 31, he saw
the complainant=s car traveling south on the Loop toward
Old Henderson Highway.  The complainant=s car was behind
appellant=s truck, and the complainant sped up and Abumped@ appellant=s truck. 
Appellant stopped to turn into a driveway, backed out of the driveway, and
collided with appellant=s car.  The complainant stepped out of his
car and ran toward appellant=s truck.  Appellant drove into a ditch to
avoid the complainant.  As soon as he cleared the ditch, appellant drove home
while calling the police.  Appellant asked the police to follow him to his home
because he was afraid the complainant and Alicia were going to harm his
children.

Appellant was convicted of aggravated assault with a deadly
weapon, to wit: a motor vehicle.  In a single issue on appeal, he argues the
trial court abused its discretion in admitting evidence of two prior
misdemeanor convictions during the guilt-innocence phase.  The convictions were
admitted after appellant Aopened the door@ to prior
convictions during the cross-examination of the complainant.  

During the cross-examination of the complainant, counsel
for appellant, referring to Alicia=s third child,
asked:

Q.  When, actually, did you find out when the baby was born?

 

A.  I found out when she was in the hospital, because we were having
legal stuff going in court.  And so I called in here to find out dates and she
told me B they told me that she wouldn=t be able to make it to court; that
she was in the hospital.  That=s when I found out that she was in the hospital.

* * * * *

Q.  What do you mean a court proceeding?

 

A.  We had a case with [appellant] right there, so I was calling to
check when I was going to come to court.  And since Alicia was a witness, they
told me she was not going to be able to make it because she was in the
hospital.

 








Later,
counsel for appellant questioned the complainant on his choice of route on the
night of the offense:

Q.  Wouldn=t it have been easier or less
confrontational to simply take her home on Oxford Street?

 

A.  Confrontation?  I already had gone through issues with this man. 
And confrontation B he=s just B I mean, he don=t B he tries to hurt you.  So that=s the reason to try to avoid him. 
So confrontation with this man, no.

 

On re-direct examination, the State attempted to ask the
complainant about appellant=s two prior misdemeanor convictions in
which appellant pleaded guilty to assault on the complainant and damage to the
complainant=s vehicle.  The State argued that appellant opened the
door to the admission of the prior convictions during the cross-examination of
the complainant.  Appellant objected that the evidence of prior misdemeanor
convictions was being offered to show conformity with past conduct and that the
prejudicial effect of the prior convictions outweighed their probative value. 
The trial court overruled appellant=s objections and
admitted evidence that on February 28, 2006, appellant pleaded guilty to
assault and criminal mischief, which occurred on January 30, 2005.  The
offenses occurred in connection with an assault on the complainant with a
vehicle.

On appeal, appellant does not challenge the relevance of
the evidence, but argues that the trial court abused its discretion in
overruling his objection pursuant to Texas Rule of Evidence 403.

Standard of Review








We review the trial court=s admission of
evidence for abuse of discretion.  See Weatherred v. State, 15 S.W.3d
540, 542 (Tex. Crim. App. 2000).  The test for abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court=s action; rather,
it is a question of whether the court acted without reference to any guiding
rules or principles.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990).

Analysis

Rule 403 provides: AAlthough relevant,
evidence may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, or needless presentation of
cumulative evidence.@  Tex.
R. Evid. 403.  Relevant evidence alone does not ensure admissibility.  AThe issue is
whether the search for the truth will be helped or hindered by the interjection
of distracting, confusing, or emotionally charged evidence.@  Gigliobianco v. State, 210 S.W.3d 637, 640 (Tex. Crim.
App. 2006) (quoting J. McLaughlin, et.al., Weinstein=s Federal Evidence ' 403.02(1)(a) at 403B06. (2006 rev.)).  A proper Rule 403
analysis includes, but is not limited to, the following factors: (1) the inherent probative force of
the proffered evidence; (2) the proponent=s need for that evidence; (3) any
tendency of the evidence to suggest decision on an improper basis; (4) any
tendency of the evidence to confuse or distract the jury from the main issues;
(5) any tendency of the evidence to be given undue weight by a jury that has
not been equipped to evaluate the probative force of the evidence; and (6) the
likelihood that presentation of the evidence will consume an inordinate amount
of time or merely repeat evidence already admitted.  Gigliobianco, 210
S.W.3d at 641B42.

Probative
Force








In addressing the relevant factors, we note that probative
value refers to the inherent probative force of an item of evidence, i.e., how
strongly it serves to make more or less probable the existence of a fact of
consequence to the litigation.  See Casey v. State, 215 S.W.3d 870, 879
(Tex. Crim. App. 2007).  The evidence in this case boiled down to the
conflicting testimony of appellant and the complainant.  In cross-examining the
complainant, appellant questioned the complainant=s behavior and
choice of route.  The trial court reasonably could have concluded that the
probative force of the evidence and the State=s need for the
evidence was to explain the complainant=s fear of
appellant at the time of the offense. 

Confusion
of the Issues 

As to the tendency of the evidence to confuse or distract
the jury from the main issues, the trial court could have concluded that the
evidence of appellant=s prior convictions did not confuse or
distract the jury in that the State briefly addressed the prior convictions and
did not reveal details of the offenses.  Evidence of appellant=s prior
convictions did not divert the attention of the jury from the indicted offense
in such a way as to cause unfair prejudice.

Undue
Delay and Presentation of Cumulative Evidence

The State presented evidence of appellant=s prior conviction
during the redirect examination of the complainant through the introduction of
the judgments in the prior convictions.  The State merely recited the offenses
to which appellant pleaded guilty and the punishment assessed for each
offense.  During cross-examination of appellant, the State asked him if he
remembered pleading guilty to the offenses.  Appellant stated he did not
remember and the State=s attorney spent a few minutes refreshing
appellant=s recollection.  The presentation of the evidence did
not consume an inordinate amount of time, nor was it cumulative of other
evidence.

Measuring the trial court=s ruling against
the relevant criteria by which a Rule 403 decision is made, we conclude the
trial court did not abuse its discretion in admitting evidence of the appellant=s prior
convictions.  Appellant=s issue is overruled.

The judgment of the trial court is affirmed.

 

/s/      William J. Boyce

Justice

 

Panel consists of
Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).